UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

ROHIT KHANNA

          Plaintiff,

   - against-

ROGET ENTERPRISES LTD d/b/a
BLUE RIBBON TRAVEL & RAKESH TANEJA

          Defendants.

-------------------------------------------------------------------------X

Index No:

COMPLAINT

Plaintiff Rohit Khanna, by and through their undersigned attorney's hereby file this Complaint against Blue Ribbon Travel and Rakesh Taneja (hereinafter Defendants) and states as follows:

## INTRODUCTION

1. Plaintiff allege that, pursuant to Fair Labor Standards Act as amended, 29 U.S.C. § 201 *et. Seq.* ("FLSA"), he is entitled to recover from Defendants: (1) unpaid wages; (2) unpaid wages, including overtime, due to a fixed salary; (3) statutory penalties; (4) liquidated damages; and (5) attorney's fees and costs.

2. Plaintiff further allege that, pursuant to New York Labor Law ("NYLL"), he entitled to recover from Defendants; (1) unpaid wages; (2) unpaid wages, including due to a fixed salary; (3) unpaid spread of hours premium; (4) compensation for late payment of wages; (5) statutory penalties; (6) liquidated damages; and (7) attorney's fees and costs.

3. Plaintiff alleges that Defendants willfully filed fraudulent information returns regarding Plaintiff with the Internal Revenue Service ("IRS"), in violation of 26 U.S.C.§ 7434.

4. Plaintiff further alleges that Defendants breached their contract with Plaintiff by failing

1

to pay employer payroll taxes for Plaintiff, required by the Federal Insurance Contribution Act ("FICA").

5. Plaintiff also alleges that, in retaining these sums for themselves, Defendants unjustly enriched themselves as the expense of Plaintiff.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this controversy pursuant to 29 U. S. C. § 216(b), 28 U. S. C. §1331, §1337 and §1343 and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U. S. C § 1367.

7. Venue is proper in the Eastern District pursuant to 28 U. S. C. §1391.

8. The IRS will be satisfied with this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under [26 U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court." 26 U.S.C. § 7434(d).

## PARTIES

9. Plaintiff ROHIT KHANNA is a resident of Queens County, New York.

10. Defendant **Roget Enterprises LTD** D/B/A Blue Ribbon Travel (hereinafter BLUE RIBBON) is a domestic business corporation organized under the laws of the State of New York, with its principal place of business and on address of service of process located 152-45 10th Avenue, Whitestone, NY, 11357 (hereinafter Whitestone Office).

11. At all time hereinafter mentions, Defendant RAKESH TANEJA (hereinafter TANEJA) resided in Whitestone, NY.

12. Individual Defendant  TANEJA is the principal and owner of Corporate Defendant Blue

2

Ribbon.

13.    Defendant  TANEJA exercises operational control as it relates to all employees including Plaintiff

14.    BLUE RIBBON  and TANEJA  is based out of and operates at  the office in Whitestone, NY.

15.    TANEJA exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff.

16.    At all times, employees of the BLUE RIBBON may complain to TANEJA directly regarding any of the terms of their employment, and TANEJA  would have the authority to affect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

17.    TANEJA exercised functional control over the business and financial operations of Corporate Defendant.

18.    TANEJA had the power and authority to supervise and control supervisors of Plaintiff, and could reprimand employees.

19.    Individual Defendant TANEJA is the principal and owner of BLUE RIBBON.

20.    TANEJA operated and managed BLUE RIBBON in the Whitestone office.

21.    The Whitestone Office is the head quarters of BLUE RIBBON that manages its locations: Stoney Brook, Levittown, Port Washington, Yonkers, Staten Island. Taneja exercises operational control as it relates to all employees, including Plaintiff.

22.    TANEJA exercises the power to and also delegates to managers and supervisors the

3

power to fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff.

23. At all times BLUE RIBBON employees may complain to TANEJA directly regarding any of the terms of their employment, and TANEJA would have the authority to effect any changes to the quality and terms of employees, employment, including changing their schedule, compensation, or terminating or hiring such employees. TANEJA had the power and authority to supervise and control supervisors of Plaintiff. Plaintiff could reprimand employees.

24. At all relevant times, Corporate Defendant BLUE RIBBON was and continues to be an "enterprise engaged in commerce" within the meaning of FLSA.

25. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

26. At all relevant times, Plaintiff was BLUE RIBBON's employee within the meaning of NYLL § 2 and §651.

27. At all relevant times, Defendant BLUE RIBBON was Plaintiff's employer within the meaning of NYLL § 2 and §651.

28. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C § 216(b), on behalf of non-exempt employee, including but not limited to as the

4

role was primarily supportive and operational, without direct management responsibilities. Plaintiff was not making high-level decisions or directing the overall operations of the company. Plaintiff was not supervising two or more full-time employees in a direct managerial capacity.

30. At all relevant times, Plaintiff has been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages, including: (i) unpaid wages; (ii) unpaid wages, including overtime, due a fixed salary; (iii) liquidated damages; and (iv) attorney's fees and costs.

31. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of FLSA, 29 U.S.C. §216(b) is readily ascertainable.

### STATEMENT OF FACTS

32. On or about January 2019, Plaintiff Rohit Khanna was hired by Defendants to work as Travel Consultant Support for Defendants located at 152-45 10th Avenue, Whitestone, NY 11357.

33. Plaintiff was employed by Defendants from January 2019 to July 15, 2023, when he was terminated.

34. As a Travel Consultant Support Plaintiff Rohit Khanna duties did not include management tasks.

35. Plaintiff's duties included trouble shooting and support to 3rd party vendors or directly to BLUE RIBBON. While Plaintiff carried out tasks as required, he never had authority to directly hire or fire anyone. Plaintiff was not responsible for scheduling, work planning, budgets, or cost control. Plaintiff never conducted performance evaluations. Plaintiff's

5

day to day responsibilities were primarily to support and respond to all agents whether on payroll or 1099.

36. From the start of Plaintiff Rohit Khanna's employment until in and through 2023, Plaintiff was scheduled to work (5) days per week for a total of forty (40) hours each week.

37. From the start of Plaintiff Rohit Khanna's employment until in or around through 2023, Plaintiff was compensated at a fixed salary of S1,153.85 in check regardless of how many hours he worked each day.

38. Plaintiff Rohit Khanna worked a minimum of 20 hours in overtime per week. Plaintiff was not paid for minimum of 20 hours per week in overtime.

39. That Defendants failed to pay Plaintiff overtime wages from January 2019 to and including 2023 the amount of $175,743.27.

40. As a result, Defendants failed to provide Plaintiff with accurate IRS forms W-2 for all the tax years of their employment and failed to properly record, account for and report to the IRS all monies paid to Plaintiff. In failing to account for these monies in their IRS filings, Defendants filed fraudulent information in violation of 26 U.S.C §7434. Under 26 U.S.C §7434(b), Defendants are liable for at least five thousand dollars ($5000) to Plaintiff for each fraudulent filing, which would have to be at least once a year.

41. In violating the Internal Revenue Code by failing to provide proper W-2 forms, Defendants also breached their contract with Plaintiff to pay the employer's share of Social Security and Medicare taxes for each employee.

42. Defendants also unjustly enriched themselves at the expense of Plaintiff, retaining

monies that should have been remitted to the IRS on behalf of Plaintiffs.

43. As a result, Plaintiff will either (1) be liable to the IRS for the employer's share of FICA taxes or (2) upon retirement, suffer from diminished Social Security and Medicare benefits because they did not pay enough into the system.

44. The employer's share of Social Security taxes is 6.2%. The employer's share of Medicare taxes is 1.45%. Accordingly, defendants must compensate Plaintiff, 7.65% of all their earnings from Defendants beginning three (3) years prior to the filing of this Complaint.

45. Defendants are liable to Plaintiff for failing to pay FICA taxes for the wages earned by Plaintiff.

46. At no time during the relevant periods did Defendants provide Plaintiff with wages notices, at the beginning of employment and annually thereafter as required by NYLL.

47. Defendants knowingly and willfully operated their business with a policy of not compensating Plaintiff for all hours worked, including overtime, due to a policy of paying a fixed salary.

48. Defendants knowingly and willfully operated their business with a policy of not paying spread of hours premium to Plaintiff in violation of NYLL.

49. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff for their wages within seven (7) days of the end of the week in which they earned them. \

50. Defendants failed to provide wage notices to employees, at the beginning of employment and annually thereafter, pursuant to the requirements of the NYLL.

51. Defendants knowingly and willfully operated their business with a policy of not providing employees proper wage statements as required under NYLL.

7

52. Plaintiff retained Drobenko & Associates, P.C. to represent Plaintiff in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM
## COUNT 1
## VIOLATION OF FAIR LABOR STANDARTS ACT

53. Plaintiff realleges and incorporates all the foregoing paragraphs in the complaint as fully set forth herein.

54. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce within the meaning of FLSA.

55. Further, Plaintiff is covered individual within the meaning of FLSA, 29 U.S.C § 206(a) and §207(a).

56. At all relevant times, Defendants employed Plaintiff within the meaning of FLSA.

57. At all relevant times, Corporate Defendant BLUE RIBBON had gross annual revenues in excess of $500,000.

58. At all relevant times, the Defendants had a policy and practice that failed to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per workweek due to a fixed salary.

59. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will seek leave of court to amend this Complaint to set forth the precise amount due.

60. Defendants knew of and/or showed a willful disregard for the provisions of FLSA as

8

evidenced by their failure to compensate Plaintiff for proper wages, including for overtime, when Defendants knew or should have known such was due.

61.   Defendants failed to properly disclose or apprise Plaintiffs of his rights under FLSA.

62.   As a direct and proximate result of Defendants' willful disregard of FLSA, Plaintiff is entitled to liquidated (i.e., double) damages pursuant to FLSA.

63.   Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid wages but not less than $175,743.27, including overtime, due to compensation on a fixed salary basis; plus interest, an equal amount as liquidated damages,

64.   Plaintiff is entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C §216(b).

## COUNT II

## VIOLATION OF NEW YORK LABOR LAW

65.   Plaintiff realleges and incorporates all the foregoing paragraphs in the Complaint as if fully set forth herein.

66.   At all relevant times, Plaintiff was employed by Defendants within the meaning of NYLL, § 2 and §651.

67.   At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff the full amount of wages due including overtime under the NYLL.

68.   Defendants willfully violated the rights of Plaintiff by failing to pay the overtime compensation at the rate of not less and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek due to a fixed salary.

69.   Defendants knowingly and willfully failed to pay Plaintiff the spread of hours premiums

9

for shifts lasting longer than ten (10) hours in duration, in violation of NYLL.

70. Defendants willfully violated Plaintiff's rights by failing to pay him the wages within seven days of the end of the week in which they were earned, in violation of NYLL § 191(1)(a)(I).

71. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff a wage notice, at date of hiring and annually thereafter, as required under NYLL.

72. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants unpaid wages; including overtime but not less than $175,743.27, due to compensation on a fixed salary basis; unpaid spread of hours premium; plus damages for unreasonably delayed payments; reasonable attorney's fees; liquidated damages; statutory penalties, interest; and costs and disbursements of the action, pursuant to NYLL

## COUNT III

## CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS

## UNDER 26 U.S.C §7434(a)

73. Plaintiff realleges and incorporates all the foregoing paragraphs of this Complaint as if fully set forth herein.

74. Under the Internal Revenue Code, " if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. §7434(a).

75. By failing to provide Plaintiff with accurate IRS Forms W-2 for all of the tax years

10

during which they were employed by Defendants and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C § 7434.

76. Defendants knew they had a legal duty not to misrepresent to the IRS the amount of money they were paying employees. Defendants' actions were willful violations of, or showed reckless disregard for, the provisions of the Internal Revenue code.

77. Pursuant to 26 U.S.C §7434(b)(3), Defendants are also liable to Plaintiff for reasonable attorneys' fees.

### COUNT IV

### BREACH OF CONTRACT

78. Plaintiff realleges and incorporates all the foregoing paragraphs of this Complaint as if fully set forth herein and further alleges as follows.

79. "In New York, all contracts imply a covenant of good faith and fair dealing in the course of performance … This covenant embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract … The duties of good faith and fair dealing … encompass any promises which a reasonable person in the position of the promise would be justified in understanding were included (in the contract)." 511 W. 232nd Owners Corp. v. Jennifer Realty Co., 98 N.Y. 2d 144, 154,733 N.E.2d 496, 500-501, 746 N.Y.S.2d 131,135-136, 2002 N.Y. LEXIS 1579, *10-11 (2002).

80. When Plaintiff accepted the offer of employment for Defendants, the parties entered a contract, and the covenant of good faith and fair dealing implicit therein required Defendants to pay Plaintiff in accordance with all applicable laws. This involved, inter

11

alia, a duty by abide by the Internal Revenue Code and pay all the required FICA taxes.

81. Defendants breached this duty when they decided to pay Plaintiff in cash and not file proper W-2. As a result, Plaintiff lost part of the benefit of the bargain for which they contracted, suffering a loss in the amount of the FICA taxes that Defendants should have paid on their behalf but did not.

## COUNT IV

## UNJUST ENRICHMENT

82. Plaintiff realleges and incorporates all the foregoing paragraphs of this Complaint as if fully set forth herein and further alleges as follows.

83. To state a claim for unjust enrichment, a plaintiff must allege that: "(1) the (defendant) was enriched, (2) at (plaintiff's) expense, and (3) that it is against equity and good conscience to permit the (defendant) to retain what is sought to be recovered." Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516, 973 NE2d 743, 950 NYS2nd 333 (2012) (internal quotations omitted).

84. Defendants were unjustly enriched when they kept for themselves money that should have been paid to the Internal Revenue Service as Defendants' employer FICA contribution. Such came at the expense of Plaintiff will either (1) be liable to the IRS for the employer's share of (2) upon retirement suffer from diminished Social Security and Medicare benefits because they did not pay enough into the system.

85. Accordingly, all sums that Defendants should have paid to the IRS should be disgorged from Defendants and transferred to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL:

b.  A declaratory judgment that the practices complained of herein are unlawful under 26 U.S.C § 7434 and that Defendants breached their contract with, and/or unjustly enriched themselves at the expense of the Plaintiff;

c.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d.  An award of unpaid wages, including overtime but not less than $175,743.27, due under the FLSA and NYLL;

e.  An award of unpaid wages, including overtime, but not less than $175,743.27 due to a fixed salary due under the FLSA and NYLL;

f.  An award of unpaid spread of hours premium due under NYLL:

g.  An award of liquidated damages and interest for each late payment of wages pursuant to NYLL §191(1)(a)(I);

h.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay compensation for all hours worked and overtime compensation for all hours worked over forty (40) per workweek, but not less than $175,743.27, pursuant to the FLSA and NYLL:

i.  Contractual damages for Defendants' failure to keep their promise to abide by the Internal Revenue code and fund Plaintiff's retirement through FICA contributions;

j.     An award of statutory penalties, prejudgment, and post judgment interest, costs, and expenses of this action together with reasonable attorney's fees and expert fees and statutory penalties;

k.     Such other and further relief as this court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: March 28, 2025

Respectfully submitted,

DROBENKO & ASSOCIATES PC

*/s/ Walter Drobenko*
By: Walter Drobenko
25-84 Steinway St,
Astoria, NY 11103
(718) 721-2000
Email: Wdrobenko@cs.com
Attorneys for Plaintiff,

14