**Hinshaw & Culbertson LLP**
800 Third Avenue, 13th Floor
New York, New York 10022
(212) 471-6200
David J. Mahoney

*Attorneys for Roget Enterprises Ltd.,*
*d/b/a Blue Ribbon Travel and*
*Rakesh Taneja*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
|  |  |
|---|---|
| ROHIT KHANNA,<br><br>Plaintiff,<br><br>-against-<br><br>ROGET ENTERPRISES LTD d/b/a BLUE RIBBON TRAVEL and RAKESH TANEJA,<br><br>Defendants. | Civil Action No. 25-cv-1740 |

-------------------------------------------------------------X

## ANSWER AND AFFIRMATIVE DEFENSES OF
## ROGET ENTERPRISES LTD., d/b/a BLUE RIBBON TRAVEL and RAKESH TANEJA

Defendants Roget Enterprises Ltd., d/b/a Blue Ribbon Travel ("Blue Ribbon") and Rakesh Taneja ("Taneja" and collectively with Blue Ribbon, the "Defendants"), by and through their attorneys Hinshaw & Culbertson LLP, answering the Complaint of Rohit Khanna ("Plaintiff") asserting the following affirmative defenses, respectfully set forth as follows:

1.     Defendants deny the allegations set forth in paragraph 1 of the Complaint and respectfully refer the Court to the statutes referenced therein for their substance, meaning, and applicability to this proceeding.

2. Defendants deny the allegations set forth in paragraph 2 of the Complaint and respectfully refer the Court to the statutes referenced therein for their substance, meaning, and applicability to this proceeding.

3. Defendants deny the allegations set forth in paragraph 3 of the Complaint and respectfully refer the Court to the statutes referenced therein for their substance, meaning, and applicability to this proceeding.

4. Defendants deny the allegations set forth in paragraph 4 of the Complaint.

5. Defendants deny the allegations set forth in paragraph 5 of the Complaint.

6. Defendants deny the allegations set forth in paragraph 6 of the Complaint and respectfully refer the Court to the statutes referenced therein for their substance, meaning, and applicability to this proceeding.

7. Defendants deny the allegations set forth in paragraph 7 of the Complaint and respectfully refer the Court to the statutes referenced therein for their substance, meaning, and applicability to this proceeding.

8. Defendants deny the allegations set forth in paragraph 8 of the Complaint and respectfully refer the Court to the statutes referenced therein for their substance, meaning, and applicability to this proceeding.

9. Defendants deny having knowledge or information sufficient to admit or deny the allegations set forth in paragraph 9 of the Complaint.

10. Defendants admit the allegations set forth in paragraph 10 of the Complaint.

11. Defendants admit the allegations set forth in paragraph 11 of the Complaint.

12. Defendants admit the allegations set forth in paragraph 12 of the Complaint.

13. Defendants admit the allegations set forth in paragraph 13 of the Complaint.

14.    Defendants admit the allegations set forth in paragraph 14 of the Complaint.

15.    Defendants admit the allegations set forth in paragraph 15 of the Complaint.

16.    Defendants admit the allegations set forth in paragraph 16 of the Complaint.

17.    Defendants admit the allegations set forth in paragraph 17 of the Complaint.

18.    Defendants admit that Taneja had the power and authority to reprimand employees and denies all other allegations set forth in paragraph 18 of the Complaint.

19.    Defendants admit the allegations set forth in paragraph 19 of the Complaint.

20.    Defendants admit the allegations set forth in paragraph 20 of the Complaint.

21.    Defendants admit that the Whitestone Office is the headquarters of Blue Ribbon and that Taneja exercises operational control as it relates to all employees, including Plaintiff. Defendants deny all other allegations set forth in paragraph 21 of the Complaint.

22.    Defendants admit the allegations set forth in paragraph 22 of the Complaint.

23.    Defendants admit the allegations set forth in paragraph 23 of the Complaint.

24.    Defendants admit the allegations set forth in paragraph 24 of the Complaint.

25.    Defendants admit the allegations set forth in paragraph 25 of the Complaint.

26.    Defendants deny the allegations set forth in paragraph 26 of the Complaint and respectfully refer the Court to the statutes referenced therein for their substance, meaning, and applicability to this proceeding.

27.    Defendants deny the allegations set forth in paragraph 27 of the Complaint and respectfully refer the Court to the statutes referenced therein for their substance, meaning, and applicability to this proceeding.

28.    Defendants deny having knowledge or information sufficient to admit or deny the allegations set forth in paragraph 28 of the Complaint.

29.     Defendants deny the allegations set forth in paragraph 29 of the Complaint and respectfully refer the Court to the statutes referenced therein for their substance, meaning, and applicability to this proceeding.

30.     Defendants deny the allegations set forth in paragraph 30 of the Complaint.

31.     Defendants deny the allegations set forth in paragraph 31 of the Complaint and respectfully refer the Court to the statutes referenced therein for their substance, meaning, and applicability to this proceeding.

32.     Defendants deny the allegations set forth in paragraph 32 of the Complaint.

33.     Defendants deny the allegations set forth in paragraph 33 of the Complaint.

34.     Defendants deny the allegations set forth in paragraph 34 of the Complaint.

35.     Defendants admit that Plaintiff's duties included trouble shooting and support to 3rd party vendors or directly to Blue Ribbon and deny all other allegations set forth in paragraph 35 of the Complaint.

36.     Defendants deny the allegations set forth in paragraph 36 of the Complaint.

37.     Defendants deny the allegations set forth in paragraph 37 of the Complaint.

38.     Defendants deny the allegations set forth in paragraph 38 of the Complaint.

39.     Defendants deny the allegations set forth in paragraph 39 of the Complaint.

40.     Defendants deny the allegations set forth in paragraph 40 of the Complaint and respectfully refer the Court to the statutes referenced therein for their substance, meaning, and applicability to this proceeding.

41.     Defendants deny the allegations set forth in paragraph 41 of the Complaint.

42.     Defendants deny the allegations set forth in paragraph 42 of the Complaint.

43.     Defendants deny the allegations set forth in paragraph 43 of the Complaint.

4

44.    Defendants deny the allegations set forth in paragraph 44 of the Complaint.

45.    Defendants deny the allegations set forth in paragraph 45 of the Complaint.

46.    Defendants deny the allegations set forth in paragraph 46 of the Complaint and respectfully refer the Court to the statutes referenced therein for their substance, meaning, and applicability to this proceeding.

47.    Defendants deny the allegations set forth in paragraph 47 of the Complaint.

48.    Defendants deny the allegations set forth in paragraph 48 of the Complaint and respectfully refer the Court to the statutes referenced therein for their substance, meaning, and applicability to this proceeding.

49.    Defendants admit the allegations set forth in paragraph 49 of the Complaint.

50.    Defendants deny the allegations set forth in paragraph 50 of the Complaint and respectfully refer the Court to the statutes referenced therein for their substance, meaning, and applicability to this proceeding.

51.    Defendants deny the allegations set forth in paragraph 51 of the Complaint and respectfully refer the Court to the statutes referenced therein for their substance, meaning, and applicability to this proceeding.

52.    Defendants deny having knowledge or information sufficient to admit or deny the allegations set forth in paragraph 52 of the Complaint.

## COUNT I

## **VIOLATION OF THE FAIR LABOR STANDARDS ACT**

53.    Defendants repeat, reallege, and incorporate their responses to all of the foregoing paragraphs of the Complaint as fully set forth herein.

54.    Defendants deny the allegations set forth in paragraph 54 of the Complaint and respectfully refer the Court to the statutes referenced therein for their substance, meaning, and applicability to this proceeding.

55.    Defendants deny the allegations set forth in paragraph 55 of the Complaint and respectfully refer the Court to the statutes referenced therein for their substance, meaning, and applicability to this proceeding.

56.    Defendants deny the allegations set forth in paragraph 56 of the Complaint and respectfully refer the Court to the statutes referenced therein for their substance, meaning, and applicability to this proceeding.

57.    Defendants admit the allegations set forth in paragraph 57 of the Complaint.

58.    Defendants deny the allegations set forth in paragraph 58 of the Complaint.

59.    Defendants deny the allegations set forth in paragraph 59 of the Complaint.

60.    Defendants deny the allegations set forth in paragraph 60 of the Complaint.

61.    Defendants deny the allegations set forth in paragraph 61 of the Complaint.

62.    Defendants deny the allegations set forth in paragraph 62 of the Complaint and respectfully refer the Court to the statutes referenced therein for their substance, meaning, and applicability to this proceeding.

63.    Defendants deny the allegations set forth in paragraph 63 of the Complaint.

64.    Defendants deny the allegations set forth in paragraph 64 of the Complaint and respectfully refer the Court to the statutes referenced therein for their substance, meaning, and applicability to this proceeding.

## COUNT II

## <u>VIOLATION OF NEW YORK LABOR LAW</u>

65.     Defendants repeat, reallege, and incorporate their responses to all of the foregoing paragraphs of the Complaint as fully set forth herein.

66.     Defendants deny the allegations set forth in paragraph 66 of the Complaint and respectfully refer the Court to the statutes referenced therein for their substance, meaning, and applicability to this proceeding.

67.     Defendants deny the allegations set forth in paragraph 67 of the Complaint.

68.     Defendants deny the allegations set forth in paragraph 68 of the Complaint.

69.     Defendants deny the allegations set forth in paragraph 69 of the Complaint.

70.     Defendants deny the allegations set forth in paragraph 70 of the Complaint and respectfully refer the Court to the statutes referenced therein for their substance, meaning, and applicability to this proceeding.

71.     Defendants deny the allegations set forth in paragraph 71 of the Complaint and respectfully refer the Court to the statutes referenced therein for their substance, meaning, and applicability to this proceeding.

72.     Defendants deny the allegations set forth in paragraph 72 of the Complaint and respectfully refer the Court to the statutes referenced therein for their substance, meaning, and applicability to this proceeding.

## COUNT III

### CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS

73.    Defendants repeat, reallege, and incorporate their responses to all of the foregoing paragraphs of the Complaint as fully set forth herein.

74.    Defendants deny the allegations set forth in paragraph 74 of the Complaint and respectfully refer the Court to the statutes referenced therein for their substance, meaning, and applicability to this proceeding.

75.    Defendants deny the allegations set forth in paragraph 75 of the Complaint and respectfully refer the Court to the statutes referenced therein for their substance, meaning, and applicability to this proceeding.

76.    Defendants deny the allegations set forth in paragraph 76 of the Complaint and respectfully refer the Court to the statutes referenced therein for their substance, meaning, and applicability to this proceeding.

77.    Defendants deny the allegations set forth in paragraph 77 of the Complaint and respectfully refer the Court to the statutes referenced therein for their substance, meaning, and applicability to this proceeding.

## COUNT IV

### BREACH OF CONTRACT

78.    Defendants repeat, reallege, and incorporate their responses to all of the foregoing paragraphs of the Complaint as fully set forth herein.

79.    Defendants deny the allegations set forth in paragraph 79 of the Complaint and respectfully refer the Court to the case law referenced therein for their substance, meaning, and applicability to this proceeding.

80.     The allegations set forth in paragraph 80 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 4 of the Complaint.

81.     Defendants deny the allegations set forth in paragraph 81 of the Complaint.

### COUNT V[1]

### UNJUST ENRICHMENT

82.     Defendants repeat, reallege, and incorporate their responses to all of the foregoing paragraphs of the Complaint as fully set forth herein.

83.     Defendants deny the allegations set forth in paragraph 83 of the Complaint and respectfully refer the Court to the statutes referenced therein for their substance, meaning, and applicability to this proceeding.

84.     Defendants deny the allegations set forth in paragraph 84 of the Complaint and respectfully refer the Court to the statutes referenced therein for their substance, meaning, and applicability to this proceeding.

85.     Defendants deny the allegations set forth in paragraph 85 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

86.     The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

87.     Plaintiff's claims are, in whole or in part, barred by applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

88.     Plaintiff's claims under the Fair Labor Standards Act are barred because Plaintiff was at all relevant times exempt from coverage under the "Executive" exemption thereto.

---

[1] The fifth Count of the Complaint, beginning at paragraph 82 is erroneously referred to as Count IV.

9

**FOURTH AFFIRMATIVE DEFENSE**

89.    Plaintiff's claims under the Fair Labor Standards Act are barred because Plaintiff was at all relevant times exempt from coverage under the "Administrative" exemption thereto.

**FIFTH AFFIRMATIVE DEFENSE**

90.    Plaintiff's claims under the New York Labor Law are barred because Plaintiff was at all relevant times exempt from coverage under the "Executive" exemption thereto.

**SIXTH AFFIRMATIVE DEFENSE**

91.    Plaintiff's claims under the New York Labor Law are barred because Plaintiff was at all relevant times exempt from coverage under the "Administrative" exemption thereto.

**SEVENTH AFFIRMATIVE DEFENSE**

92.    Plaintiff is not similarly situated to putative collection action individuals whom he purports to represent.

**EIGHTH AFFIRMATIVE DEFENSE**

93.    Plaintiff is not similarly situated to other members of the putative class of employees whom he purports to represent.

**NINTH AFFIRMATIVE DEFENSE**

94.    Collective or class action relief is inappropriate because individual liability and damages predominate over issues generally applicable to the class or collective action.

**TENTH AFFIRMATIVE DEFENSE**

95.    Any claim by Plaintiff for equitable relief is barred by the principle of laches.

**ELEVENTH AFFIRMATIVE DEFENSE**

96.    Any claim by Plaintiff for equitable relief is barred by the principle of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

97.    Any claim by Plaintiff for equitable relief is barred because Plaintiff failed to mitigate his alleged damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

98.    Plaintiff fails to meet the requirements of Fed. R. Civ. P. 23 to certify the class.

## FOURTEENTH AFFIRMATIVE DEFENSE

99.    Plaintiff's claims are, in whole or in part, subject to setoff.

## RESERVATION OF RIGHTS

100.    Defendants hereby give notice that all allegations in the Complaint not expressly admitted are denied and that Defendants intend to rely upon such other and further defenses as may become available during discovery in this action and reserve the right to amend this Answer to assert such defenses.

## DEMAND FOR TRIAL BY JURY

101.    Defendants demand a trial by jury on all issues that are so triable.

**WHEREFORE,** Defendants pray as follows:

a. That the Complaint be dismissed with prejudice and that Plaintiff and the proposed class and/or collective take nothing thereby;

b. That the purported class and/or collective not be certified;

c. That judgment be entered in favor of Defendants and against Plaintiff on all claims;

d. That Defendants by awarded their attorneys' fees and costs incurred in defense of this action; and

11

f.   For such other, further, and different relief as the Court may deem just and proper.

Dated: April 23, 2025
      New York, New York

                                       **HINSHAW & CULBERTSON LLP**
*Attorneys for Roget Enterprises Ltd., d/b/a*
*Blue Ribbon Travel and Rakesh Taneja*


By:    *s/David J. Mahoney*
        David J. Mahoney
        800 Third Avenue, 13th Floor
        New York, New York 10022
        (212) 471-6200
        *DMahoney@HinshawLaw.com*

To:    Drobenko & Associates, P.C.
      25-84 Steinway Street
      Astoria, New York 11103
      Attention: Walter Drobenko, Esq.